LAMBETH HOPKINS, plaintiff in error, vs. SEABORN B. WATTS, et al., defendants in error.

The plaintiff sues the defendant upon three promissory notes. The defence set up is, that they were discharged by a deed from the defendant to the plaintiff, to certain lots of land. The consideration expressed upon the face of the deed is $2,700. The defendant writes a letter to the plaintiff, proposing to make him an absolute deed, and trusting him to do what is right between them.

*Held,* That parol proof is admissible, to show the true character of this transaction—the same not being inconsistent with the construction, which the law puts upon it.

Assumpsit, from Campbell county. Tried before Judge HAMMOND, at September Term, 1858.

This was an action by Lambeth Hopkins, of the city of Augusta, Georgia, against Seaborn B. Watts and James Beall,

of the county of Campbell, on three promissory notes, amounting in the aggregate to about twenty-four hundred dollars; all the notes dated 5th May, 1854: One for $814 15, payable ninety days after date; one for $802 22, payable sixty days after date; one for $790 29, payable thirty days after date.

The defendants pleaded payment: In this, that defendant, Watts, on the 17th February, 1855, conveyed to plaintiff certain lands and lots in the town of Palmetto, Campbell county, Georgia, including the residence of defendant, in payment of said notes, and the deed of conveyance then executed, was received and accepted by plaintiff in full satisfaction and discharge of said indebtedness.

Upon the trial, plaintiff proposed to read the following answer of John C. Haralson, a witness examined on the part of plaintiff by commission, viz: " I went to Palmetto as Mr. Hopkins's agent, about the time mentioned, (February, 1855,) to make a settlement with the defendant, Watts. There was no conveyance made at the time of any property, but there was an agreement, that he should make a deed to certain lots in the town of Palmetto, Georgia, and send it down by mail, which the defendant, Watts, afterwards sent forward to plaintiff. At the time mentioned, the defendants were indebted to the plaintiff on three notes, and defendant, Watts, was indebted to the plantiff on an open account, besides these three notes. The notes amounted to twenty-four hundred and six dollars and sixty-six cents. Watts and Beall were the makers. The deed was executed and sent as above *stated*, to secure the amount of indebtedness to the extent of the actual value of the property when sold. It was not agreed that the notes should be returned to the defendants. I think they were in my possession at that time, and my recollection is that it was understood and agreed that plaintiff was to sell the lots whenever they could be disposed of without a sacrifice, and the proceeds applied in payment as far as they might extend. I also promised on behalf of Mr.

Hopkins, that he would not sell the property hastily.    This agreement was made at Palmetto, Georgia."

Defendant objected to the reading of this answer.    The Court ruled out all the latter part, from and after the word " stated," and plaintiff excepted.

In the argument to the jury, counsel for the defendants took the ground, that if they, the jury, should find for the plaintiff the amount of the notes in suit, plaintiff could collect his judgment and still hold the property conveyed in the deed, or sell it, and turn defendant out.

In reply to this position, plaintiff's counsel requested the Court to charge the jury that if they believed the notes were the consideration for the deed, and defendant should pay them off, then the deeds would be *functus officio*, and a Court of Equity would decree it to be cancelled.    The Court failed to give this charge, and plaintiff excepted.

The jury found for the defendants, and plaintiff moved for a new trial on the ground of the rulings, and refusal to charge as above excepted to, and on the further and additional grounds, that the verdict was without evidence, contrary to evidence and law, and contrary to the charge of the Court.

The Court refused the motion for a new trial and plaintiff excepted.

OVERBY & BLECKLEY, for plaintiff in error.

EZZARD & COLLIER, *contra*.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We think the whole of the answer of John C. Haralson, to the second interrogatory propounded to him should have been read to the jury.

The defendant, Watts, pleads payment to the notes sued on.    And to support this defence, he undertakes to show,

that the consideration of the deed which he gave to Hopkins, was these notes, instead of $2,700, the consideration stated upon the face of the deed. This then, makes it necessary to enquire for what purpose the deed was given? And the testimony of Haralson, was offered for that purpose. It does not contradict or vary the deed. It is consistent with it.

Mr. Watts, in writing to Hopkins, after considering the several plans which had occurred to him for arranging the debt which he owed to Hopkins, and repudiating distinctly, as he does, the giving of a mortgage, comes to the conclusion, "to make a *bona fide* deed to the property, and leave you," (Hopkins) "to do as you please with the matter, having the utmost confidence in your honesty and friendship for me and my family."

An absolute deed was made in conformity with this suggestion. What was the effect of it? To constitute Hopkins the trustee of his debtor, with a discretionary power to dispose of this property as he pleases, either to himself or to any body else. Of course, in doing so, due regard must be had to the interest of Watts. And the testimony of Haralson, which was rejected, is in perfect consistency with the construction which the law puts upon this transaction.

If Hopkins took the property in payment of his debt only, why was Watts permitted to remain in possession of it, even down to the present time? And why were the notes not given up, as it was agreed should be done, if Hopkins determined to take the property as payment? On the contrary, he held them from February, 1855, when the deed was made, up to August, 1857, when the suit was brought. And it is then, for the first time, that we hear of the defence, that the discharge of the notes, was the consideration for the deed. It may be so. And if, after hearing all the proof, the jury should so find, it is their privilege to do so. Still, the whole of the testimony, we think, should be let in.

Judgment reversed.